UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-00809-SPG-PD                                    Date: July 1, 2026

Title   *Jordan Rich v. The Corporation of the President of the Church of Latter-Day Saints, et al.*

Present:  The Honorable:   Patricia Donahue, United States Magistrate Judge

| Isabel Verduzco | N/A |
|:---:|:---:|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|:---:|:---:|
| N/A | N/A |

**Proceedings (In Chambers):      Order Dismissing Complaint with Leave to Amend**

On February 17, 2026, Plaintiff Jordan Rich ("Plaintiff"), proceeding *pro se*, filed a document entitled "Petition for Permanent Civil Stalking Injunction and Protective Order" against Defendants The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints, Renae Rich Angeloff, Scott Rich, Monica Rich, and Does 1-1000, which has been docketed as the Complaint.  Dkt. No. 1 at 1.  Plaintiff invokes 42 U.S.C. § 1985 and 18 U.S.C. § 2261A as the basis for jurisdiction.  *Id.*

The Court has screened the Complaint and concluded that it is subject to dismissal without prejudice.[1]  Plaintiff will be given an opportunity to file a First Amended Complaint following the Court's guidance below.

---

[1] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-00809-SPG-PD                                    Date: July 1, 2026

Title   *Jordan Rich v. The Corporation of the President of the Church of Latter-Day Saints, et al.*

## I.      Summary of Factual Allegations and Claims

Plaintiff alleges a continuous seventeen-year pattern of stalking and harassment intending to coerce Plaintiff into silence regarding a 2008 Confidential Asset Agreement.  Dkt. No. 1 at 1.

Plaintiff alleges that Defendants utilized missionaries and "Shame Agents" to conduct surveillance at Plaintiff's places of work, study, and affiliation, including in Utah, Nevada, and California. *Id.* at 1-2.  Plaintiff further alleges that Defendants used dating applications, including Tinder and Bumble, to harass him and used missionaries and "Shame Agents" to obtain information concerning him though his mechanic services. *Id.*

Plaintiff alleges that Defendants coordinated the theft of Plaintiff's firearm, pocketknife, passport, and birth certificate. *Id.* at 2.  Plaintiff further alleges that a cartel member informed Plaintiff in 2025 that someone had paid to have him killed. *Id.*

Plaintiff also alleges that Defendants coordinated with the Department of Justice to carry out a "Digital Execution" designed to terminate Plaintiff's digital identity and interfere with his business activities. *Id.*

Plaintiff seeks a permanent injunction and protective order requiring Defendants and affiliated parties to cease physical surveillance and digital interference, prohibiting third-party contact, and barring Defendants from contacting Plaintiff directly or indirectly. *Id.*  Plaintiff alleges that failure to grant the requested relief will result in his physical death. *Id.*

## II.     Legal Standard

The Court is required to screen *pro se* complaints and dismiss claims that, among other things, are frivolous, malicious, or fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith,* 203 F.3d 1122, 1126–27 n.7 (9th Cir. 2000) (en banc).  Even when a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-00809-SPG-PD                                        Date: July 1, 2026

Title      *Jordan Rich v. The Corporation of the President of the Church of Latter-Day Saints, et al.*

plaintiff is not proceeding in forma pauperis, Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim *sua sponte* and without notice "where the claimant cannot possibly win relief."  *See Omar v. Sea–Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).  When a complaint clearly does not state a claim upon which the court can grant relief, a court may dismiss the case on its own, at the outset, without leave to amend.  *See Reed v. Lieurance*, 863 F.3d 1196, 1207-08 (9th Cir. 2017) (affirming district court's *sua sponte* dismissal of claim under Fed. R. Civ. P 12(b)(6)); *Wong v. Bell,* 642 F.2d 359, 361-62 (9th Cir. 1981) (district court has authority under Rule 12(b)(6) to dismiss *sua sponte* for failure to state a claim).

### III.   Discussion

#### A.   Failure to Comply with Federal Rule of Civil Procedure Rule 8

Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a).  While Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege facts sufficient to provide "fair notice" of both the particular claim being asserted and "the grounds upon which [the particular claim] rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted).  If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued, on which theory, and what relief is being sought against them, the pleading fails to comply with Rule 8.  *See*, e.g., *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

The Complaint contains allegations spanning approximately seventeen years, numerous states, and more than one thousand Doe defendants.  Dkt. No. 1. at 1-2.  Plaintiff attributes broad allegations of surveillance, digital

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-00809-SPG-PD                                       Date: July 1, 2026

Title      *Jordan Rich v. The Corporation of the President of the Church of Latter-Day Saints, et al.*

interference, and harassment to Defendants collectively and does not distinguish which Defendant engaged in which conduct. *Id.* Grouping Defendants together does not provide fair notice as to what acts or omissions by each Defendant allegedly caused Plaintiff's injuries or what legal theory supports Plaintiff's claims.

The Central District's Local Rule 19-1, provides: "No complaint or petition shall be filed that includes more than ten (10) Doe or fictitiously named parties." C.D. Cal. L.R. 19-1. Generally, courts do not favor actions against "unknown" defendants. *Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir. 1999). Nonetheless, a plaintiff may sue unnamed defendants when the identity of the alleged defendants is not known before filing the complaint. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

Here, the Complaint contains no factual allegations describing alleged wrongdoing by the fictitious Defendants. It contains no factual allegations demonstrating that the fictitious Defendants purportedly violated Plaintiff's constitutional rights. Plaintiff's conclusory allegations are insufficient to state a claim for relief against any of the fictitious Defendants. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (plaintiff must allege more than an "unadorned, the-defendant-unlawfully-harmed-me accusation"; a pleading that offers "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do").

For these reasons, the Complaint is subject to dismissal.

### B.      No Private Right of Action Under 18 U.S.C. § 2261A

Plaintiff invokes 18 U.S.C. § 2261A, the federal interstate stalking statute, as a basis for jurisdiction and alleges that Defendants engaged in a pattern of interstate harassment and stalking. Dkt. No. 1 at 1.

"Generally, criminal statutes do not confer private rights of action ...." *Bailey v. Clarke*, 2012 WL 6720628, at *2 (S.D. Cal. Dec. 21, 2012) (citing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-00809-SPG-PD                              Date: July 1, 2026

Title      *Jordan Rich v. The Corporation of the President of the Church of Latter-Day Saints, et al.*

*Stupy v. U.S. Postal Serv.*, 951 F.2d 1079, 1081 (9th Cir. 1991)).  Title 18 of the United States Code concerns federal crimes.  Plaintiff's allegations that Defendants violated various federal criminal statutes under Title 18 do not state cognizable civil claims.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions under Title 18 of the U.S. Code "provide no basis for civil liability") (citations omitted); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) ("We affirm the dismissal of Allen's claims under 18 U.S.C. §§ 241 and 242 because these are criminal statutes that do not give rise to civil liability."); *Gilreath v. Bach*, No. EDCV 17-0694, 2017 WL 5593017, at \*5 (C.D. Cal. Oct. 11, 2017), *report and recommendation adopted*, 2017 WL 5564545 (C.D. Cal. Nov. 9, 2017) ("Plaintiff has failed to state a claim under 18 U.S.C. §§ 4, 241, 242, 872, 1341, or any other criminal statute referenced in the Complaint.").

Section 2261A is a criminal statute.  Criminal statutes generally do not create private rights of action absent clear Congressional intent.  *See Cort v. Ash*, 422 U.S. 66, 78-79 (1975) *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979).  Courts have consistently held that no private action is available under § 2261A.  *See Rock v. BAE Sys., Inc.*, 556 F. App'x 869, 871 (11th Cir. 2014); *Cain v. Christine Valmy Int'l Sch. of Esthetics, Skin Care, & Makeup*, 216 F. Supp. 3d 328, 335 (S.D.N.Y. 2016).

Because 18 U.S.C. § 2261A does not provide a private right of action, Plaintiff may not pursue civil claims or obtain relief under that statute.

For these reasons, the Complaint is subject to dismissal.

### C.      Failure to State a Claim Under 42 U.S.C. § 1985

Plaintiff invokes 42 U.S.C. § 1985 and alleges that Defendants conspired in a longstanding campaign of stalking and harassment to coerce Plaintiff into silence regarding the 2008 Confidential Asset Agreement.  Dkt. No. 1 at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-00809-SPG-PD                                    Date: July 1, 2026

Title      *Jordan Rich v. The Corporation of the President of the Church of Latter-Day Saints, et al.*


Section 1985 prohibits several types of conspiracies.  In relevant part, Section 1985(3) prohibits conspiracies to deprive any person or class of persons "of the equal protection of the laws, or of equal privileges and immunities under the laws."  A party injured by an act taken in furtherance of a conspiracy prohibited by 42 U.S.C. § 1985 may recover damages against any one or more of the conspirators.  42 U.S.C. § 1985(3).   To establish a conspiracy, a plaintiff must show "an agreement or meeting of the minds[.]" *Mendocino Env't Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1301 (9th Cir. 1999).  Conclusory allegations of a conspiracy "without factual specificity" are insufficient to state a § 1985 claim.  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988); *see also Cardenas v. Cnty. of Tehama*, 476 F. Supp. 3d 1055, 1069 (E.D. Cal. 2020) (citation omitted) ("A § 1985 claim 'must allege facts to support the allegation that defendants conspired together.  A mere allegation of conspiracy without factual specificity is insufficient.'").

Further, to state a claim under 48 U.S.C. § 1985(3), a plaintiff must allege that there was "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."  *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

The Complaint contains no allegations from which it reasonably may be inferred that Defendants acted with racial or otherwise class-based discriminatory animus.  A plaintiff alleging a conspiracy must provide facts that "show an agreement among the alleged conspirators to deprive the party of his or her civil rights." *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 2010) (affirming a district court's decision to dismiss a section 1983 complaint alleging conspiracy owing to its reliance on conclusory allegations and an absence of specific facts to support the existence of a conspiracy). Accordingly, Plaintiff fails to state a claim under § 1985.

For these reasons, the Complaint is subject to dismissal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-00809-SPG-PD                              Date: July 1, 2026

Title   *Jordan Rich v. The Corporation of the President of the Church of Latter-Day Saints, et al.*

## IV.   Order

For the foregoing reasons, the Complaint is dismissed with leave to amend.  If Plaintiff is able to amend his allegations to state a cognizable claim, Plaintiff may file a First Amended Complaint no later than **July 20, 2026**. Plaintiff is advised that a First Amended Complaint would entirely replace the Complaint in this action.

(1) Any amended complaint must:

(a) be labeled "First Amended Complaint";
(b) be complete in and of itself and not refer in any manner to prior complaints, i.e., it must include all of the claims on which Plaintiff seeks to proceed, Local Rule 15-2;
(c) contain a "short plain" statement of the claim(s) for relief, see Fed. R. Civ. P. 8(a);
(d) make each allegation "simple, concise and direct," Fed. R. Civ. P. 8(d)(1);
(e) make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b);
(f) set forth clearly the sequence of events (including specific relevant dates) which allegedly gives rise to the claim(s) for relief, including what each defendant did and how each specific defendant's conduct injured each specific plaintiff; and
(g) not add defendants or claims without leave of court.

If, given the contents of this Order, Plaintiff elects not to proceed in this action, he may expedite matters by signing and returning the attached Notice of Dismissal by **July 20, 2026**, which will result in the voluntary dismissal of this action without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-00809-SPG-PD                                              Date: July 1, 2026

Title      *Jordan Rich v. The Corporation of the President of the Church of Latter-Day Saints, et al.*

     **Plaintiff is cautioned that, absent further order of the Court, his failure to timely file a First Amended Complaint or Notice of Dismissal may result in the dismissal of this action with or without prejudice on the grounds above or for failure to diligently prosecute**.

     IT IS SO ORDERED.

     **Attachments**:

     --Central District of California Civil Rights Complaint Form (CV-66)
     --Notice of Voluntary Dismissal (CV-09)